IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| LEVI WOODERTS, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-773-A |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the cross-motions of plaintiff, Levi Wooderts, Jr., and defendant, United States of America, for summary judgment. The court, having considered the motions, the responses, the reply of United States, the record, and applicable authorities, finds that plaintiff's motion should be denied and defendant's motion granted.

I.

### Plaintiff's Claims

On September 19, 2018, plaintiff filed his complaint in this action asserting a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), for damages allegedly incurred by him as a result of negligent medical treatment he received from staff at the Federal Medical Center Fort Worth ("FMC"). Doc.[1] 1. Plaintiff says that he suffers from low testosterone and that he has been refused the treatment

---

[1]The "Doc.___" reference is to the number of the item on the docket in this action.

recommended by experts. He seeks monetary damages in addition to treatment.

II.

Grounds of the Motions

Plaintiff does not set forth the grounds of his motion, but appears to urge that negligence is established as a matter of law. Doc. 19.

The government asserts that plaintiff cannot produce probative evidence to establish any of the essential elements of his negligence claim, that is, standard of care, breach, causation, and damages. Doc. 24 at 1.

III.

Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the

nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986).

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Anderson, 477 U.S. at 247-48. Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment. Scott v. Harris, 550 U.S. 372, 380 (2007).

IV.

## Analysis

The FTCA gives federal courts jurisdiction over claims against the United States for money damages for injuries caused by the negligent or wrongful act or omission of a government employee under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. Sheridan v. United States, 487 U.S. 392, 398 (1988)(quoting 28 U.S.C. §1346(b)). Because plaintiff's alleged injuries occurred at FMC, Texas law applies. Ayers v. United States, 750 F.2d 449, 452 n.1 (5th Cir. 1985).

Texas law imposes on treating physicians a duty to exercise that degree of care which a general practitioner of ordinary prudence and skill, practicing in the community or similar community, would have exercised in the same or similar circumstances. Edwards v. United States, 519 F.2d 1137, 1139 (5th Cir. 1975). The plaintiff bears the burden of proving (1) the physician's duty to act according to an applicable standard of care, (2) a breach of that standard of care, (3) injury, and (4) causation. Hannah v. United States, 523 F.3d 597, 601 (5th Cir. 2008). Standard of care is the threshold issue and must be established by expert testimony unless the mode or form of

4

treatment is a matter of common knowledge or is within the experience of a lay person. <u>Id.</u>, 523 F.3d at 601-02; <u>Quijano v. United States</u>, 325 F.3d 564, 567 (5th Cir. 2003). Expert testimony is also required to establish that the breach proximately caused the harm suffered by the plaintiff. <u>Guile v. United States</u>, 422 F.3d 221, 225 (5th Cir. 2005); <u>Garza v. Levin</u>, 769 S.W.2d 644, 646 (Tex. App.--Corpus Christi 1989, writ denied).

This is not the type of case where breach and causation can be determined without expert testimony. <u>See</u> <u>Haddock v. Arnspiger</u>, 793 S.W.2d 948, 951 (Tex. 1990)(giving as examples operating on the wrong part of the body or leaving sponges within a body). That one can "google" a host of information about a condition does not bring it within common knowledge such that expert testimony is not required.

In this case, the record reflects that plaintiff suffers from a number of medical issues, some of which may be related to his low testosterone condition. Doc. 29 at App. 007-015 (reflecting that plaintiff suffers from diabetes mellitus, type II, other testicular hypofunction, hyperlipidemia, morbid obesity, hypertension, venous insufficiency, benign localized hyperplasia of prostate, scrotal edema, arthropathy, anemia, polyneuropathy, peripheral vascular disease, and osteoarthritis, among other things); App. 070 (reflecting that there may be other

5

causes for symptoms plaintiff attributes to low testosterone). Further, the medical records reflect that plaintiff has been seen multiple times to address his various medical needs. Id. at App. 016-073. And, he has refused to comply with recommended treatments from time to time. Id. at App. 061, 062, 072, 073.

Where, as here, expert testimony is required and no expert has been designated, summary judgment is appropriate. Bradfield v. United States ex rel. Dep't of Veteran's Affairs, 471 F. App'x 364, 365-66 (5th Civ. 2012); Prindle v. United States, No. 4:10-CV-54-A, 2011 WL 1869795, at *1-2 (N.D. Tex. May 13, 2011); Woods v. United States, No. 3:08-CV-1670-D, 2010 WL 809601 (N.D. Tex. Mar. 8, 2010). Plaintiff cannot establish the standard of care or that United States breached that standard of care. That plaintiff has determined that only one course of treatment is acceptable and United States has refused to provide that treatment does not meet his burden.

V.

Order

The court ORDERS that plaintiff's motion for summary judgment be, and is hereby, denied.

The court further ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing

on his claims against defendant; and that plaintiff's claims be, and are hereby, dismissed with prejudice.

SIGNED March 29, 2019.

_____
JOHN McBRYDE
United States District Judge